UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    -against-

JOHN DEROUNIAN,

                Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CR-412 (JMA)

FILED
CLERK
1/19/2021 9:45 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Seth D. DuCharme
   Acting United States Attorney
Mark E. Misorek
Robert W. Schumacher, II
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
   *Attorneys for the United States*

Peter E. Brill
Brill Legal Group, P.C.
150 Motor Pkwy, Suite 401
New York, NY 11788
   *Attorney for Defendant John Derounian*

**AZRACK, United States District Judge:**

On September 25, 2020, defendant John Derounian ("Defendant") first moved for compassionate release following the onset of the COVID-19 pandemic. (ECF No. 146.) Though the Court denied his motion because the Section 3553(a) sentencing factors weighed against granting him compassionate release, the application was denied "without prejudice to its renewal should Defendant's condition or the situation at his facility materially worsen." (ECF No. 154.)

Defendant has again moved for compassionate release. (ECF No. 155.) Because of increasing cases at Fort Dix FCI and Defendant's health conditions, Defendant argues that the Section 3553(a) factors now weigh in favor of granting the motion. In its response to Defendant's

motion, the government informs the Court that Defendant has already contracted, and now fully recovered from, COVID-19. (ECF No. 157 at 4.) Defendant's medical records from the Bureau of Prisons indicate that he was asymptomatic at the time of his diagnosis on December 16, 2020 and remained asymptomatic. (ECF No. 157-1 at 4, 23-26.) The medical staff determined that he fully recovered on December 28, 2020. (ECF No. 157-2 at 1.) In his reply, Defendant claims that he is not receiving adequate medical treatment and requests that the Court "hold a hearing where BOP officials can be directly questioned about [Defendant's] medical treatment, or lack thereof." (ECF No. 159.)

The Court has considered Defendant's arguments and the government's response and finds that the updated situation does not alter the Court's prior analysis of the Section 3553(a) factors. (ECF No. 154 at 6.) One month has now passed since Defendant's positive COVID-19 diagnosis, and his medical records reflect a mild case from which he has recovered. Given that Defendant "has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense." United States v. Hardy, No. 11-CR-629, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020). Since "the main point of releasing an individual is to decrease the person's chance of contracting COVID-19," the Court declines to find that there are extraordinary and compelling reasons to reduce his sentence given his current situation. United States v. Rodriguez, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020). Accordingly, Defendant's motion is **DENIED** without prejudice.

**SO ORDERED.**

Dated: January 19, 2021
      Central Islip, New York

        /s/ (JMA)
      JOAN M. AZRACK
      UNITED STATES DISTRICT JUDGE