UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

JOHN DEROUNIAN,

                Defendant.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CR-412 (JMA)(JMW)

FILED
CLERK
1:06 pm, Oct 07, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pending before the Court is the fourth application for compassionate release and a motion to appoint pro bono counsel, by defendant John Derounian ("Defendant"). (ECF No. 192.) Defendant is currently serving a term of 121 months of incarceration followed by 5 years of supervised release after pleading guilty, pursuant to a plea agreement, for mail fraud and possession of child pornography, in violation of 18 U.S.C. §§ 1341, 2252(a)(4)(B) and 2252(b)(2), respectively. (ECF Nos. 84, 114) For the reasons below and those articulated in more detail in the Courts prior orders, (ECF Nos. 154, 160, 178,) which the Court incorporates by reference, Defendant's motion and requests are DENIED.

### I. APPLICABLE LAW

**A. Compassionate Release**

A defendant may file a motion for compassionate release following the exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility— whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The statute provides that after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce a sentence if extraordinary and compelling reasons justify such action. 18 U.S.C. § 3582(c)(1)(A).

1

"[D]istrict courts [may] consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also id. at 236 ("Because Guideline § 1B1.13 is not applicable to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." (internal quotation marks omitted)). However, "[e]ven if extraordinary and compelling reasons exist," the district court "may deny" compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. O'Neil, No. 17-CR-444, 2021 WL 1616915, at *1 (E.D.N.Y. Apr. 26, 2021) (quoting United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020)).

B. **Pro Bono Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.' " Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that

these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

## II. DISCUSSION

The Court denies Defendant's request for appointment of counsel.

As for Defendant's request for compassionate release, the parties do not dispute that Defendant has exhausted his administrative rights. In this case, however, Defendant has failed to demonstrate that "'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020). In his motion, and a series of supplements (ECF No. 197-202), Defendant, asserts substantially the same grounds for compassionate release which were denied in the Court's previous orders, namely, that, inter alia, his sentence relied upon an inaccurate calculation of the number of images of child pornography in his possession, and that some of his health issues have worsened.[1] Having reviewed Defendant's submissions in toto, Defendant's assertions do not alter the Court's prior analysis and does not change the conclusions the Court previously reached. None of the grounds raised by Defendant warrant compassionate release.

Additionally, to the extent Defendant argues that the Court can grant him home confinement for the remainder of his sentence, as the Government correctly points out, the Court lacks the power to do so. "Although the Second Circuit 'has not determined whether a district court has the power to order a defendant to serve his term of imprisonment in home confinement[,] [o]ther Circuits . . . have held that this power rests solely with the Bureau of Prisons.'" United States v. Spaulding, No. 16-CR-851, 2021

---

[1] In this and prior compassionate release applications, Defendant argues that because he generally suffers from Type II diabetes, obesity, cluster headaches, epilepsy, depression, and post-traumatic stress disorder, and he faces a high risk of severe illness should he contract COVID-19 while incarcerated. See United States v. Derounian, No. 16-CR-412 (JMA), 2020 WL 7625372, at *1 (E.D.N.Y. Dec. 22, 2020).

WL 4691140, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting United States v. DiBiase, 857 F. App'x 688, 689–90 (2d Cir. 2021)).  This Court will therefore follow the approach of many other district courts in this circuit and will defer to the Bureau of Prisons' determination on this issue.  Id. (collecting cases).

### III.  CONCLUSION

For these reasons and those articulated in more detail in the Court's prior orders, (ECF Nos. 154, 160, 178,) which the Court incorporates by reference, Defendant's motion and requests are DENIED entirely.

**SO ORDERED.**

Dated: October 7, 2022
Central Islip, New York

                                          /s/   (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE