UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

  -against-

JOHN DEROUNIAN,

        Defendant.
----------------------------------------------------------------X

**FILED**
**CLERK**

7/20/2023 4:33 pm
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
16-CR-412 (JMA)(JMW)

**AZRACK, United States District Judge:**

  Pending before the Court are various submissions, including a fifth motion for compassionate release, filed by Defendant John Derounian ("Defendant"). (ECF No. 232.) Defendant is currently serving a term of 121 months of incarceration followed by 5 years of supervised release after pleading guilty, pursuant to a cooperation agreement, for mail fraud and possession of child pornography, in violation of 18 U.S.C. §§ 1341, 2252(a)(4)(B) and 2252(b)(2), respectively. (ECF Nos. 84, 114.) For the reasons below and those articulated in more detail in the Courts prior orders, (ECF Nos. 154, 160, 178, 203), which the Court incorporates by reference, Defendant's motion and other requests are DENIED.

**A. Standard for Compassionate Release**

  A defendant may file a motion for compassionate release following the exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility—whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The statute provides that after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce a sentence if extraordinary and compelling reasons justify such action. 18 U.S.C. § 3582(c)(1)(A).

  "[D]istrict courts [may] consider the full slate of extraordinary and compelling reasons that an

1

imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also id. at 236 ("Because Guideline § 1B1.13 is not applicable to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." (internal quotation marks omitted)).  However, "[e]ven if extraordinary and compelling reasons exist," the district court "may deny" compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. O'Neil, No. 17-CR-444, 2021 WL 1616915, at *1 (E.D.N.Y. Apr. 26, 2021) (quoting United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020)).

**B.  Background and Analysis of Defendant's Compassionate Release Motion**

Since September 2020, Defendant has filed five motions for compassionate release.  Defendant's first four motions were previously denied.[1]  In denying these motions, the Court has repeatedly stressed that the Section 3553(a) sentencing factors weighed against granting compassionate release.

On January 25, 2022, the Second Circuit denied Defendant's direct appeal.  In March 2022, Defendant requested appointment of counsel in connection with filing a proposed fourth motion for compassionate release.  In this request, Defendant alleged that the "Bureau of Prisons" ("BOP") failed to treat his extreme neck pain and that he has not received any pain management for this condition.  (ECF No. 181.)  Defendant also complained about the BOP's failure to properly treat his cluster headaches.  (Id.)  In June 2022, Defendant, proceeding pro se, filed his fourth motion for compassionate release, which raised Brady claims and also relied on Defendant's health issues, including the BOP's alleged

---

1 On June 8, 2023, the Second Circuit dismissed Defendants' appeal from the denial of his third compassionate release motion and subsequently denied, on July 14, 2023, his motion for reconsideration.

failure to properly treat his neck pain. (ECF No. 192 at 11; see also ECF Nos. 198, 199, 200, 201.) On October 7, 2022, the Court denied Defendants' fourth motion for compassionate release.

On June 25, 2023, Defendant filed his fifth motion for compassionate release. Defendants asserts that compassionate release is warranted because he is experiencing a mental health crisis and is suicidal due to the BOP's failure to treat his pain. He has filed additional supplemental letters in support of his motion. (ECF Nos. 232, 233, and 234.) In his most recent filing, he informed the Court that he was scheduled to be transferred out of FCI Fort Dix on July 5, 2023. The BOP's online inmate directory indicates that Defendant is currently at FCI Danbury.

The Court has considered Defendants' fifth motion for compassionate release and denies that motion. Defendant has again failed to demonstrate that "'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, No. 02-CR743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020). Even accepting that all his complaints about the allegedly deficient medical care he is receiving are true, Defendant has not established "'extraordinary and compelling reasons' to reduce his sentence." The Court notes that although Plaintiff has complained about his medical care while at FCI Fort Dix, he is now at a new facility. Defendant has now served a substantial portion of his sentence. However, the relevant Section 3553(a) factors still weigh heavily against Defendant here. Compassionate release would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. A reduction of the Court's original sentence would also fail to reflect the seriousness of the offenses Defendant committed and would not provide a just punishment for his conduct. It would also undermine the Court's attempt to use the sentence to promote respect for the law and serve as a deterrent for criminal conduct. Accordingly, the Section 3553(a) factors weigh heavily against granting Defendants' fifth motion for compassionate release. Defendants' motion

is DENIED.

C. <u>**Analysis of Defendants' Other Requests**</u>

Defendants' other requests for relief concerning his medical care are also denied.

After Defendant's direct appeal was denied in January 2022, Defendant filed a § 2255 motion in January 2023 seeking his release. Defendant also requested that he be released and placed on bond during the pendency of his § 2255 motion. The Court denied Defendant's motion for bond.

In filings concerning his § 2255 motion and in his other letters, Defendant has complained of his conditions of confinement, including the BOP's failure to treat his pain and medical conditions. Defendant has also filed letters requesting a telephone conference with the Court concerning his § 2255 and alleged denial of medical treatment. (ECF No. 225, 227.)

In one letter, Defendant states that he has an attorney representing him on "civil claims against the BOP" and asks the Court to schedule a telephone conference with this attorney. (ECF No. 227.) In a letter dated May 10, 2023, Defendant again asks to be released on bond pending the resolution of his § 2255 motion and includes copies of communications between his attorney and the Warden at his current facility. (ECF No. 228.) In a letter dated June 14, 2023, Defendants ask the Court to compel the BOP to provide him with medical care based on statements made by the Court prior to Defendant's sentencing. (ECF No. 230.)

Defendant's renewed requests for bail pending resolution of his § 2255 motion are denied. His § 2255 motion, which is now fully briefed, remains pending before the Court. The Court will not entertain any further requests for bond pending resolution of Defendant's § 2255 motion.

Defendant's requests for this Court to intervene in his medical care while he is incarcerated are also denied. The Court's prior involvement with Defendant's medical care occurred prior to his

sentencing. Defendant has since been sentenced and is incarcerated at a facility outside of this district. Defendant can attempt, in an appropriate forum, to pursue—either through an attorney or pro se—civil remedies concerning any allegedly deficient medical care during his incarceration. This Court will not entertain any further requests by Defendant for this Court to intervene in his medical care while he is incarcerated in a different district. See May v. Licon-Vitale, No. 3:20-CV-1105, 2020 WL 8617428, at *1 (D. Conn. Sept. 1, 2020) ("[T]he proper venue to bring a section 2241 petition is the district where a prisoner is presently confined and against the prison.").

Accordingly, Defendant's motion for compassionate release and his other requests concerning his medical care addressed above are DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of this appeal, ECF No. 204. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Order to Defendant at the following address:

    John Derounian
    Register Number: 89463-053
    FCI Danbury
    33 1/2 Pembroke Station
    Route 37
    Danbury, CT 06811

    **SO ORDERED.**

Dated: July 20, 2022
Central Islip, New York

                                               /s/   (JMA)
                                               JOAN M. AZRACK
                                               UNITED STATES DISTRICT JUDGE